ROGERS JOSEPH O'DONNELL
Renée D. Wasserman (State Bar No. 108118)
rwasserman@rjo.com
Alecia E. Cotton (State Bar No. 252777)
acotton@rjo.com
Emily A. Wieser (State Bar No. 311315)
ewieser@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendant
BRISTOL FARMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FARR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRISTOL FARMS, a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-05800-MWF-JC<br><br>**PROTECTIVE ORDER**<br><br>Date of first filing: July 3, 2019 |

IT IS HEREBY ORDERED that:

Pursuant to stipulation of the undersigned parties, the terms of this Protective Order ("Order") shall govern the handling of Plaintiff James Farr's ("Farr" or "Plaintiff") and stipulating Defendant Bristol Farms' ("Defendant") confidential, private, proprietary, trade secret, or otherwise protected documents and/or information in the above captioned case, *James Farr v. Bristol Farms*, USDC Central District Court Case No. 2:19-cv-05800-MWF-JC (the "Litigation"), exchanged by any parties to the Litigation after the issuance of this Order. This

Order shall apply to Plaintiff and Defendant that have executed this Order in the Litigation that file with the Court a Stipulation To Be Bound By Protective Order in the form attached as Exhibit 1. Plaintiff and Stipulating Defendant are collectively referred to as the "Parties" and individually as a "Party."

**1.    PURPOSES AND DEFINITIONS**

1.1    Any Party responding to any request to produce or exchange information or documents, or any discovery, who objects to the disclosure of such information or documents it deems to be confidential, protected by the right of privacy, proprietary, trade secret, competitively sensitive, or otherwise protected or prohibited by law from disclosure (referred to herein as "Protected Information") may disclose such Protected Information pursuant to this Order.

1.2    Any person or entity that chooses to designate documents and information as Protected Information shall make such designations only as to those documents and information the person or entity believes in good faith contain:

(A)    Trade secrets (as defined by California Civil Code Section 3426.1(d));

(B)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(C)    Information reflecting non-public business or financial information and/or confidential competitive information which, if disclosed, could result in competitive harm to the disclosing Party;

(D)    Information subject to federal or state privacy rights; or

(E)    Any other information that is otherwise protectable under California law and Federal law.

1.3    Any documents produced pursuant to this Order shall be identified with the following designation: (i) "CONFIDENTIAL INFORMATION FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" ("Confidential Information");

(ii) "CONFIDENTIAL - RESTRICTED INFORMATION FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" ("Confidential-Restricted Information"); (iii) "CONFIDENTIAL - FOR PLAINTIFF ONLY FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" ("Plaintiff Only Information"); or (iv) "CONFIDENTIAL - FOR DESIGNATED PARTIES ONLY FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" ("For Designated Parties Only"), or substantially similar language, so as to identify all documents, tangible things, and other property that pertains to this Order.

    1.4    This Order does not apply to the use of Protected Information at trial. A Party may apply to the Court pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Central District of California to seal Protected Information at trial.

    1.5    The Party that produces or provides Protected Information ("Designating Party") to another receiving Party ("Receiving Party") may designate such information or document as: (i) "Confidential Information;" (ii) "Confidential-Restricted Information;" (iii) "Plaintiff Only Information;" or (iv) "For Designated Parties Only."

    1.6    The designation of materials as "Confidential Information," "Confidential-Restricted Information," or "Plaintiff Only Information" refers to Protected Information designated by a Stipulating Defendant, which a Stipulating Defendant believes in good faith contains one or more of the categories of information and/or documents set forth in Paragraph 1.2(a)-(e).

    1.7    The designation of materials as "For Designated Parties Only" refers to Protected Information designated by the Plaintiff, which is being produced only to particular designated defendant(s) and counsel for the designated defendant(s).

## 2. DESIGNATING PROTECTED INFORMATION

2.1 Any documents produced pursuant to this Order shall be stamped as: (i) "CONFIDENTIAL INFORMATION FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" (for Confidential Information); (ii) "CONFIDENTIAL - RESTRICTED INFORMATION FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" (for Confidential-Restricted Information); (iii) "CONFIDENTIAL - FOR PLAINTIFF ONLY FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" (for Plaintiff Only Information); or (iv) "CONFIDENTIAL - FOR DESIGNATED PARTIES ONLY FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS" (for Designated Parties Only Information), or substantially similar language. For multi-page documents that are bound together by staple or other permanent binding, the above-referenced designation legends need only be affixed to the first page in order for the entire bound document to be designated accordingly. All such information may be produced in either hard copy or Adobe portable document format (pdf), at the option of the Party producing the Protected Information, and shall include consecutively numbered Bates stamps so as to identify all documents to which this Order applies.

2.2 Subject to, and without waiver of any objections, the Designating Party may respond to any written discovery and disclose and produce Protected Information as follows:

    a. Interrogatories and Requests for Admission: Clearly designating Protected Information contained within the interrogatory response or the request for admission response in the language and manner provided in Paragraph 2.1 above.

    b. Requests for Production of Documents: Producing documents that contain Protected Information in the manner provided in Paragraph 2.1 above.

2.3 The disclosure of Protected Information shall only be made as provided herein. Unless this Order states otherwise, Protected Information produced or exchanged pursuant to this Order is to be produced only to the Receiving Parties and to the persons expressly authorized under this Order, is to be used solely for the purpose of preparing for and conducting the Litigation or any related form of alternative dispute resolution, and is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, except as otherwise provided herein.

2.4 Unless otherwise agreed upon in writing by the Designating Party or pursuant to court order, Protected Information designated as "CONFIDENTIAL INFORMATION FOR USE ONLY IN JAMES FARR V. BRISTOL FARMS," shall not be disclosed to any person or entity other than the following:

   a. a Party to the Litigation, including without limitation, employees and in-house counsel for a Party;
   b. outside counsel for the respective Parties whose firm is counsel of record in this Litigation;
   c. consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in this action, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; and (2) they have signed a declaration in the form of Exhibit 2;
   d. secretaries, paralegals, and other clerical or similar support personnel employed by or retained by counsel of record for any Party, but only if it is reasonably necessary to disclose the document or information to them for purposes of this Litigation;

508014.1

e. the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

f. a court reporter or videographer for a deposition retained by one or more of the Parties for purposes of this Litigation who has executed a declaration in the form of Exhibit 2;

g. the author, addressee, or any other person or entity identified as a recipient of specified Confidential Information who would otherwise be entitled to receive it; and

h. any mediator or arbitrator the parties hereto engage in this matter or that the Court appoints, provided such person has signed the acknowledgement attached as Exhibit 2.

2.5 Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL - RESTRICTED INFORMATION FOR USE ONLY IN <u>JAMES FARR V. BRISTOL FARMS</u>," or substantially similar language that at a minimum incorporates the words "confidential" and "restricted," shall not be disclosed to any person or entity other than the following:

a. counsel for the respective Parties whose firm is counsel of record in this action or who are otherwise assisting in the prosecution or defense thereof;

b. consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in this action, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not parties to the Litigation; (3) they are not officers, directors, or employees of parties to the Litigation,

of affiliates of parties to the Litigation, or of competitors of parties to the Litigation; and (4) they have signed a declaration in the form of Exhibit 2;

 c. secretaries, paralegals, and other clerical or support personnel employed by or retained by counsel for a Party, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not parties to the Litigation; and (3) they are not officers, directors, or employees of parties to the Litigation, of affiliates of parties to the Litigation, or of competitors of parties to the Litigation;

 d. the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

 e. a court reporter retained by one or more of the parties to the Litigation for purposes of this Litigation who has executed a declaration in the form of Exhibit 2;

 f. the author, addressee, or any other person or entity identified as a recipient of specified Confidential-Restricted Information who would otherwise be entitled to receive it; and

 g. the Designating Party.

2.6 Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL - FOR PLAINTIFF ONLY FOR USE ONLY IN <u>JAMES FARR V. BRISTOL FARMS</u>," shall not be disclosed to another party to the Litigation, another party to the Litigation's counsel, or to any person or entity other than the following:

 a. counsel of record for Plaintiff;

 b. Plaintiff's consulting experts and testifying experts and their

Page 7

employees who have been engaged by counsel for Plaintiff for the purpose of assisting in this action, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not parties to the Litigation; (3) they are not officers, directors, or employees of parties to the Litigation, of affiliates of parties to the Litigation, or of competitors of parties to the Litigation; and (4) they have signed a declaration in the form of Exhibit 2;

c. secretaries, paralegals, and other clerical or support personnel employed by or retained by counsel for Plaintiff, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not parties to the Litigation; and (3) they are not officers, directors, or employees of parties to the Litigation, of affiliates of parties to the Litigation, or of competitors of parties to the Litigation;

d. the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

e. the author, addressee, or any other person or entity identified as a recipient of specified Plaintiff Only Information who would otherwise be entitled to receive it; and

f. the Designating Party.

2.7 Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL - FOR DESIGNATED PARTIES ONLY FOR USE ONLY IN <u>JAMES FARR V. BRISTOL FARMS</u>," or substantially similar language, shall not be disclosed to any person or entity other than the following:

a. counsel of record for the party "designated" by Plaintiff;

b. consulting experts and testifying experts and their employees who have been engaged by counsel for the "designated" party for the purpose of assisting in this action, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not parties to the Litigation; (3) they are not officers, directors, or employees of parties to the Litigation, of affiliates of parties to the Litigation, or of competitors of parties to the Litigation; and (4) they have signed a declaration in the form of Exhibit 2;

c. secretaries, paralegals, and other clerical or support personnel employed by or retained by counsel for a "designated" party, but only if (1) it is reasonable to disclose the document or information to them for purposes of this action; (2) they are not parties to the Litigation; and (3) they are not officers, directors, or employees of parties to the Litigation, of affiliates of parties to the Litigation, or of competitors of parties to the Litigation;

d. the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

e. a court reporter retained by one or more of the parties to the Litigation for purposes of this Litigation who has executed a declaration in the form of Exhibit 2; and

f. the author, addressee, or any other person or entity identified as a recipient of specified Designated Party Only Information who would otherwise be entitled to receive it.

Page 9
PROTECTIVE ORDER – CASE NO: 2:19-cv-05800-MWF-JC
508014.1

## 3. USE OF PROTECTED INFORMATION AT DEPOSITIONS

3.1 If a Party wishes to divulge Protected Information during a deposition at which one or more persons are present to whom disclosure is not permitted under Paragraphs 2.4, 2.5, 2.6, or 2.7, then the following procedures shall be followed:

    a. If a Receiving Party anticipates that Protected Information will be divulged in deposition, it shall provide at least five (5) days' written notice to the Designating Party prior to questioning at the deposition. The Receiving Party may not divulge Protected Information during the deposition in the absence of an agreement with the Designating Party or a Court order permitting the disclosure, unless the deponent is shown on the document as an author or recipient or would be otherwise entitled to receive it.

    b. Any questioning of the deponent that relates to any Protected Information shall be conducted with only the following persons entitled to be present: (1) the deponent, who is permitted access to the information under this Order provided that he or she has agreed to be bound by this Order by signing a declaration in the form of Exhibit 2; (2) outside counsel representing the deponent and who has executed a declaration in the form of Exhibit 2 (unless that counsel is outside counsel for Plaintiff or outside counsel for the Designating Party, as such counsel are authorized to be present during any questioning of the deponent and are not required to sign Exhibit 2); (3) any designated representative of the Designating Party that produced the Protected Information; (4) any consultant or expert or employee of the Party conducting the deposition, to the extent they are authorized individuals under Paragraphs 2.4 through 2.7, as applicable; (5) outside counsel of record for the Party conducting the deposition; (6) the court reporter or videographer, who has executed a declaration in the form of Exhibit 2; (7) any other person authorized to be present by prior order of the Court; (8) any other person authorized to be present by counsel for the Designating Party; and (9) any

counsel (or their staff) for a Party, to the extent they are authorized individuals under Paragraphs 2.4 through 2.7, as applicable.

    c. The confidential portion of the deposition shall be separately transcribed and shall be sealed and marked with the appropriate confidentiality designation by the court reporter. Any portion of the deposition so designated shall not be made part of the public transcript. Designations of transcripts will apply to any corresponding portions of an audio or video recording of the testimony. The sealed portions of the transcript may only be provided to the persons authorized under this Order.

    d. If documents containing Protected Information are used in deposition, they shall be marked pursuant to Paragraph 2.1 and shall be attached only to the confidential transcript.

    e. Within thirty (30) days of receipt of the certified deposition transcript, any Party may mark any portion of the deposition transcript containing such information with the appropriate confidentiality designation. The Party seeking to mark a deposition transcript, or portions of a deposition transcript with a confidentiality designation after the certified transcript has been prepared shall promptly notify all persons who were present at the deposition of its intent to do so, shall instruct the court reporter to conform the deposition transcript to Paragraph 3.1(c), and shall bear all reasonable costs related thereto.

    f. A Designating Party may de-designate any portion of the deposition transcript that the Party previously had designated as Protected Information, by promptly notifying in writing all other Parties and all persons who were present at the deposition of its intent to de-designate. The notice shall identify with specificity the portion or portions of the transcript that no longer are designated as Protected Information. The Designating Party shall instruct the court reporter to produce a new certified copy of the deposition transcript that removes

any confidentiality designations as appropriate, and shall bear all reasonable costs related thereto.

## 4. FILING PROTECTED INFORMATION

4.1  Any motions or pleadings or any other court filings that may reveal Protected Information subject to this Order shall be submitted in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Central District of California.  If any Party seeks to file Protected Information or disclose Protected Information designated as such by another Party as a basis for adjudication other than discovery motions or proceedings, the filing Party must meet and confer with the Designating Party at least ten (10) calendar days prior to the intended filing date to offer the Designating Party the opportunity to evaluate whether the designated materials require filing under seal, and to either (a) remove the Confidential designation, or (b) prepare a motion or application to file under seal.

## 5. INADVERTENT PRODUCTION

5.1  If a Designating Party inadvertently produces Protected Information without designating it as such in accordance with this Order, the Designating Party shall notify all Receiving Parties of the proper designation of the Protected Information as soon as practical after discovery of the error by the Designating Party.  The Designating Party shall provide the Receiving Parties with a replacement of the Protected Information marked in accordance with this Order. Upon receipt of the properly designated document or information: (a) the document or information shall be treated by the Receiving Parties as if it had been timely designated as Protected Information under this Order; and (b) the Receiving Parties shall use reasonable efforts to identify any other persons or entities to whom the information in question was given.  It shall then be the burden of the Receiving Parties to collect in good faith all such Protected Information from persons and entities who would not have been entitled access thereto if the document or

information had been so designated at the outset.  The Receiving Parties shall use reasonable efforts to protect from disclosure any unmarked copies of the Protected Information in their possession, by destroying or returning to the Designating Party any unmarked copies of the Protected Information in their possession.  The inadvertent disclosure or inadvertent mis-marking by a Designating Party of documents or information that the Designating Party believes to be confidential shall not automatically be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter.  However, any Party may claim that the intentional disclosure of Protected Information by the Designating Party to anyone other than the Designating Party and its counsel, without the confidential designation, be deemed a waiver of any claimed protection.

     5.2    The Parties agree that the inadvertent production of any material protected from disclosure under the attorney-client communication privilege, the attorney work product doctrine, the joint defense privilege or any other applicable privilege or protection, shall not constitute a waiver of such privilege or protection. Such material and all copies thereof shall be returned immediately to the producing Party if (a) it appears on the face the document to have been inadvertently produced or (b) upon written request of the producing Party; provided however, in the event of electronic material inadvertently produced, the Party receiving such material shall immediately delete such electronic material and copies thereof and notify the Producing party of the deletion.  The producing Party shall maintain unaltered copies of all materials returned or deleted pursuant to this provision and the return or deletion of such materials is without prejudice to any right to challenge the privileged or protected status of the materials.  In the event of an inadvertent production of privileged material in the course of formal discovery proceedings, the

PROTECTIVE ORDER – CASE NO: 2:19-cv-05800-MWF-JC

508014.1

producing Party must provide a privilege log in place of any returned or destroyed materials.

5.3     Nothing in this Order shall be deemed to preclude a Designating Party from de-designating any Protected Information at any time.  The Designating Party shall notify all Receiving Parties in writing of its intent to de-designate, at which time the document or information shall no longer be treated as Protected Information under this Order.  The Designating Party shall also produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

**6.     CHALLENGING DESIGNATIONS**

6.1     Nothing in this Order shall be deemed to preclude a Receiving Party from seeking permission of the Court to release information designated under this Order as: (i) "Confidential Information;" (ii) "Confidential-Restricted Information;" (iii) "Confidential-Plaintiff Only Information;" or (iv) "Confidential-For Designated Parties Only."  If a dispute arises regarding the designation of documents or information as Protected Information, the following procedures shall be followed:

6.2     In the event that a Receiving Party believes, in good faith, that a document or information produced or disclosed which has been designated as Protected Information under the Order is not confidential or should not be designated as: (i) "Confidential Information;" (ii) "Confidential-Restricted Information;" (iii) "Confidential-Plaintiff Only Information;" or (iv) "Confidential-For Designated Parties Only," such counsel shall send counsel for the Designating Party a written request specifically identifying the information or document (by Bates-number) sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order.  Within fifteen (15) business days of receipt of such a written request, counsel for the Designating Party shall meet and confer with counsel for the challenging Party.

6.3     If the challenging Party and Designating Party are unable to agree upon a satisfactory resolution within the fifteen (15) day period under Paragraph 6.2 (or any additional period agreed to in writing by the challenging Party), the Designating Party may file a motion seeking a protective order concerning such information or documents that have previously been produced or disclosed under the Order within fifteen (15) business days after the expiration of such fifteen (15) day meet and confer period (or any additional period agreed to, in writing, by the challenging Party). If the Designating Party fails to seek a protective order within such time period, the Designating Party shall be deemed to have consented to the change in designation sought by the Receiving Party. The Designating Party shall also produce new copies of the documents or information without any confidentiality designations or with the designation sought by the Receiving Party, and shall bear all reasonable costs related thereto.

6.4     If a dispute arises under Paragraph 6.1, no Party may disclose Protected Information in a manner contrary to its designation unless the Designating Party subsequently consents to disclosure or prior to ten (10) days after the Court has issued an order allowing disclosure or as otherwise ordered by the Court. To the extent the Court rules that any information designated as Protected Information is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party shall produce new copies of the documents or information without any confidentiality designations or with the designation sought by the Receiving Party, and shall bear all reasonable costs related thereto.

**7.     SUBPOENAS**

7.1     Any Receiving Party that receives a subpoena or other process from a non-Party, or order, to produce or disclose Protected Information shall provide the Designating Party with written notice thereof (which notice shall include a copy of the subpoena or other process or order or other information necessary to reasonably

inform) within seventy-two (72) hours of receipt of said written notice to enable the Designating Party to take whatever action it deems appropriate. The Designating Party may then seek an order from the court issuing the subpoena, process, or order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena or other process or order. The Receiving Party may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure.

**8. FINAL DISPOSITION**

    8.1    Within ninety (90) days of any written request, made after the termination of this Litigation, including appeals, the Party to whom the Protected Information was produced shall either: (1) return all such Protected Information and all copies, portions, excerpts, and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) to the Designating Party; or (2) provide the Designating Party with a written certification, that all Protected Information provided to them, as well as all Protected Information they provided to others, has, to the best of their knowledge, been destroyed. To the extent it is not reasonably possible to destroy or return certain Protected Information in the possession of a Receiving Party — *e.g.*, some Protected Information was attached to an email — such Receiving Party agrees to maintain the confidentiality of such Protected Information and shall provide a written certification to that effect.

**9. MISCELLANEOUS**

    9.1    This Order in no way alters the law regarding the type of information that may be deemed Protected Information nor the burdens for demonstrating confidentiality or the right to discovery of Protected Information. Nothing in this

Order shall be deemed to preclude the Parties from requesting the Court, by noticed motion, to modify the terms of the Order regarding the treatment of Protected Information.  This provision shall not be construed as an agreement by any Party to such a modification, and, in the event that such modification is sought, the Parties reserve the right to raise any and all arguments and to invoke any and all laws in opposition to such modification.  Any modification sought shall not apply unless and until ordered by the Court.

      9.2     Intentional disclosure of Protected Information in violation of this Order by a Party or other person authorized to receive Protected Information pursuant to this Order may subject the violating person to sanctions for contempt of court, as well as any other statutory or common law remedies that may be available to the Designating Party.

      9.3     Nothing in this Order shall limit a person or entity's right to seek or object to discovery of and/or the disclosure of information or documents on any basis, including but not limited to being Protected Information, alter the burdens for objecting to or obtaining discovery of Protected Information, or affect the admissibility or inadmissibility of any Protected Information.

      9.4     Nothing in this Order shall prevent a Designating Party from disclosing its own Protected Information to any person or otherwise using that information for purposes of this Litigation.  Whether such disclosure waives the protection of this Order or results in that disclosed material becoming discoverable by other Parties shall be determined by the Court according to the facts and the relevant law.

      9.5     Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  The Court shall

retain jurisdiction following termination of the Litigation for the purpose of enforcing any provisions of this Order.

    9.6    This Order may be amended or superseded by written agreement of the Parties and order of the Court, or by order of the Court.

**IT IS SO STIPULATED.**

Dated: February 26, 2020    ROGERS JOSEPH O'DONNELL

By: /s/ Alecia E. Cotton
    RENÉE D. WASSERMAN
    ALECIA E. COTTON
    EMILY A. WIESER

Attorneys for Defendant
BRISTOL FARMS

Dated: February 26, 2020    WILSHIRE LAW FIRM

By: /s/ Thiago Coelho
    BOBBY SAADIAN
    THIAGO COELHO

Attorneys for Plaintiff
JAMES FARR

**IT IS SO ORDERED.**

Dated: February 26, 2020    /s/ Jacqueline Chooljian
    Honorable Jacqueline Chooljian
    United States Magistrate Judge

# **EXHIBIT 1**

## **Stipulation To Be Bound By Protective Order**

_____ [Name of Defendant Party] hereby agrees and stipulates to be bound by the terms of the Protective Order entered by the Court in the action entitled <u>JAMES FARR V. BRISTOL FARMS</u>, USDC Central District Court Case No. 2:19-cv-05800-MWF-JC.

Dated: _____  By: _____

_____
Printed Name

_____
Title

_____
Defendant Name

# EXHIBIT 2

I _____ [name] have read the Protective Order, attached hereto as Exhibit A, in the action entitled <u>JAMES FARR V. BRISTOL FARMS</u>, USDC Central District Court Case No. 2:19-cv-05800-MWF-JC, and agree, on behalf of myself, and those in my organization, _____, that if any Protected Information is provided to me pursuant to the terms of the Order, I and those in my organization will be bound by and comply with the terms of the Order and will maintain that information as confidential in the manner designated under the Order. I will not disclose Protected Information to others, including in my organization, unless permitted under the Order.

    I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

Name: _____

Signature: _____

For: _____